Nash, J.
 

 This case is now before us upon the interlocutory decree of the Court below, and our onlybusiness is to say whether it is erroneous or not; The power of a Court of chancery to grant injunctions has been long considered as a most useful one — enabling the party applying for it to avail himself of some equitable defence to a recovery at law,,of which he would be deprived by the strict rules of the common law. But it is a power liable to much abuse, as injunctions are generally obtained upon the
 
 ex
 
 parte statement of the applicant,. and often employed to delay the obtaining of justice at law. To remedy this evil as far as practicable, with ajust regard to the rights of all parties, it has long, been established as a rule-, that, when an injunction is applied for to stay proceedings at law upon a money bond, the plaintiff must agree to= give the defendant a judgment at law, and be bound by order to bring no-writ of error. Anon. I Vernon 120. In this case the injunction originally granted was general, restraining the defendants from proceeding in their suit at law, and in that form it was, by the presiding Judge, continued to the hearing,, and in that form it is now before us and on the same motion-. The defendant, Owen, in his answer admits the material allegations of the complainants’ bill,, and claims the dissola
 
 *177
 
 tion of the injunction, upon the ground that, if continued the hearing, it can do him no good, as his bill must be dismissed. The ground, upon which it is alleged that the plaintiff can obtain no relief is, that at the time he made his purchase, he was fully apprized of the fact of Brooks’ possession and claim, and with that knowledge accepted a conveyance from the defendant Owen. It is very certain, where a contract is executed by the purchaser taking a conveyance with knowledge of existing defects in the title, he has no claim to the interference of a Court of Equity. Whetherthis defect in the defendant’s title was known to the plaintiff at the time he took his conveyance,Moes not appear, except by the defendant, Owen’s answer- If that was the fact and the case stopt there, the injunction would be disolved; but the plaintiff alleges that a parol agreement accompanied the transaction, whereby the said defendant was bound to put the plaintiff in possession of the land, it being then in the adverse possession of Brooks, and that the said defendant failed to do so, at the time specified, though requested by the plaintiff. This agreement isnot denied by the said defendant, and he expressly admits that Brooks is still in the adverse possession of the land and refuses to give it up. The statute then did not transfer the possession to the plaintiff upon the execution of the conveyance because of the adverse possession, nor can the plaintiff, for the ,same reason, recover the possession from Brooks by an action at law. And the question submitted to us is, whether we will permit the defendants to compel the plaintiff to pay them the full purchase money, when it appeared the plaintiff cannot get into possession of the land, and when the defendant admits he has not done what he agreed he would, and when at the same time he further admits, that he cannot make a good title to the portion of the land on which Brooks is fixed, where the whole of the buildings are, and where is the only spring belonging to the whole tract. Whether the plaintiff will be entitled to the relief he-seeks to have the contract rescinded, or whether it be a case for compensation, and if so to what extent, are questions depending upon the testimony which.
 
 *178
 
 may be before the Court upon the final hearing. They cannot be considered now. The bill charges that the defendant Winshed knew of all these facts before he took his transfer, and is therefore a purchaser of the bond with notice. The answer of this defendant admits his knowledge, except as to the inability of Owen to make title. Upon the whole we think it would be contrary to good conscience to suffer the defendant, at this stage of the proceedings, to compel the plaintiff to pay the purchase money.
 

 The interlocutory order of the Court below is affirmed with costs, to be taxed by the master against the defendants.
 

 Fee Curiam, Ordered to be certified accordingly.